In the Matter of the Application of ANNIE S. ABERCROMBIE, Respondent, for a Writ of Habeas Corpus on Behalf of WILLIAM C. ABERCROMBIE.

Dr. M. B. HEYMAN, Superintendent of Manhattan State Hospital, Appellant.

First Department, November 4, 1921.

Insane persons — habeas corpus — discharging person from insane asylum — jurisdiction — order sustaining writ upheld though original commitment was valid where respondent has been at liberty for three years without oversight or supervision.

Though an order sustaining a writ of habeas corpus discharging a person from an insane asylum cannot be upheld on the ground that the court granting the order for commitment was without jurisdiction where it appears that the court was amply justified in committing the respondent, it will be sustained where the person has been at liberty for more than three years, without oversight or supervision, and where to reverse the order might result in his recommitment without examination or inquiry as to his present mental condition.

APPEAL by Dr. M. B. Heyman, superintendent of Manhattan State Hospital, from an order of the Supreme Court,

made at the New York Special Term and entered in the office of the clerk of the county of New York on the 9th day of August, 1918, sustaining a writ of habeas corpus and discharging William C. Abercrombie from the Manhattan State Hospital to which he had been theretofore committed as an insane person.

*Robert P. Beyer, Deputy Attorney-General,* of counsel [*Charles D. Newton, Attorney-General; William 'P. Burr, Corporation Counsel*], for the appellant.

No appearance for the respondent.

PER CURIAM:

The order appealed from was granted in August, 1918, since which time the respondent has been at liberty, without oversight or supervision, and there has been no subsequent application for his recommitment on account of his alleged insanity or otherwise. Said order was granted upon the ground therein stated, that the court granting the order of commitment " was without jurisdiction to make the same." An examination of the record convinces us that there was no basis for granting the order appealed from upon the grounds stated therein. It conclusively appears to us that the court which granted the order for the commitment of the respondent acted with full jurisdiction and was amply justified in committing the respondant as an insane person. Inasmuch, however, as the respondent has, for over three years, been at liberty, without oversight or supervision on the part of any one, and without the commission, so far as the record discloses, of any act on his part which would justify his recommitment as an insane person, we do not feel justified in reversing the order appealed from, which might, in effect, result in his recommitment, without examination or inquiry as to his present mental condition. If his present mental condition is such as to warrant the confinement of the respondent in an institution for the insane, a new proceeding may be taken for that purpose.

The order should be affirmed, without costs.

Present — CLARKE, P. J., LAUGHLIN, DOWLING, PAGE and MERRELL, JJ.

Order affirmed, without costs.